UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DARRYL LAMONT DAVIS )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>UNITED STATES ATTORNEY, )<br>ASSISTANT U.S. ATTORNEY )<br>TRACY L. STONE, FEDERAL BUREAU )<br>OF INVESTIGATION, F.B.I. AGENT )<br>BUDDY EARLY, FEDERAL PUBLIC )<br>DEFENDERS OFFICE, ATTORNEY )<br>KIM TOLLISON, ATTORNEY RANDALL )<br>REAGAN, ATTORNEY STEVE SHOPE, )<br>and DNA EXPERT JOHN DOE )<br>)<br>*Defendants*. ) | No. 3:09-cv-600<br>(PHILLIPS/GUYTON) |

## **MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

On September 15, 2009, plaintiff was convicted by a jury in this court on federal gun and bank robbery charges; his sentencing is set for March 26, 2010. *United States v. Darryl Lamont Davis*, Criminal Action No. 3:07-cr-66 (E.D. Tenn.). Plaintiff is being held pending sentencing in the Irwin County Detention Center in Ocilla, Georgia.

Plaintiff's complaint alleges that the prosecution of the criminal case against him violated his civil rights. The defendants are the United States of America, the United States Attorney, Assistant U.S. Attorney Tracy L. Stone, the Federal Bureau of Investigation, FBI Agent Buddy Early, the Federal Public Defenders Office, Defense Attorney Kim Tollison, Defense Attorney Randall Reagan, Defense Attorney Steve Shope, and a John Doe DNA expert.

Since plaintiff has named as defendants federal agents and others acting under color of federal law, his claims are construed as an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. The *Bivens* doctrine serves as the counterpart to civil rights actions against state actors pursuant to 42 U.S.C. § 1983, and the decisional law developed under § 1983 generally applies to *Bivens*-type actions. *See Carlson v. Green*, 446 U.S. 14, 21-22 (1980); *Butz v. Economou*, 438 U.S. 478, 504 (1978).

Plaintiff's complaint concerns alleged deficiencies in his federal criminal proceedings, such as tampering with evidence, threatening witnesses, withholding exculpatory evidence, and unlawfully obtaining DNA evidence. Plaintiff also alleges a conspiracy on the part of

2

all defendants, including the attorneys appointed to represent him, to secure his wrongful conviction.

Plaintiff's allegations should first be brought to the attention of the district and appellate courts within the context of his criminal case and not in a complaint under § 1983 or *Bivens*. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (in a § 1983 case against county prosecutors and police for an alleged unconstitutional conviction, the inmate "must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"); *see also Robinson v. Jones*, 142 F.3d 905, 906-907 (6th Cir. 1998) (citations omitted) ("While *Heck* concerned an action brought under 42 U.S.C. § 1983, we adopt the rule espoused by the Fifth and Eleventh Circuits that the *Heck* holding applies equally to an action brought under *Bivens*.).

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity at this time, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon

which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is confined in the Irwin County Detention Center in Ocilla, Georgia, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Irwin County, Georgia, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment

4

of the filing fee.  The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge